IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **RAYMOND MONTEZ,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PE:22-CV-00049-DC-DF** |
| | § | |
| **DANIEL Q. MEJIA,** *et al.*, | § | |
| *Defendants.* | § | |

## ORDER

BEFORE THE COURT is the above-captioned case. This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges.

Defendant Daniel Q. Mejia ("Mejia") has yet to be served in this case. On May 19, 2023, the Court ordered Plaintiff Raymond Montez ("Plaintiff") to either serve Mejia or "explain why service has not been accomplished" by June 2, 2023. (Doc. 13 at 1). Failure to do so would lead to dismissal of Plaintiff's case against Mejia for failure to prosecute. (*See id.*). On June 2, 2023, Plaintiff filed a "Response to the Court's Order to Require Service" (hereafter, "Response"), detailing a number of unsuccessful service attempts made on Mejia. (Doc. 14). At the end of his Response, Plaintiff noted that he "seeks additional time to try to serve [] Mejia," as well as "permission from the Court to employ substitute service" on Mejia. (*Id.* at 4).

This is improper form. Requests for court orders "must be made by motion."[1] Additionally, the motion must "state with particularity the grounds for seeking the order," which includes the legal authority and facts supporting said motion.[2] Relief requested in a brief, regardless of how well-buttressed it may be, filed only in response to a court order and not as a standalone motion, is not

---

1. Fed. R. Civ. P. 7(b)(1); *Whitehead v. Food Max of Miss., Inc.*, 277 F.3d 791, 794 (5th Cir. 2002).
2. Fed. R. Civ. P. 7(b)(1); *see also* Local Rule CV-7(c)(1).

1

contemplated by Federal Rule 7.[3] Thus, response briefs are an inappropriate channel for requesting relief or orders from the Court.[4] Accordingly, with no relevant motion pending before the Court, the relief Plaintiff seeks cannot be granted.

Understanding this error as a one-off, the Court is inclined to allow Plaintiff time to comply with the Federal Rules of Civil Procedure. Therefore, the Court **ORDERS** Plaintiff to file a **Federal Rule 7-compliant motion** with any requested relief pertaining to service for Defendant Mejia. The Court further **ORDERS** that the deadline for Plaintiff to do so is **June 27, 2023.** Failure to comply with this order may result in dismissal of Plaintiff's claims against Defendant Mejia for failure to prosecute or to comply under Federal Rule 41(b).

It is so **ORDERED**.

SIGNED this 13th day of June, 2023.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

---

3. *See Alonzo v. Wal-Mart Stores, Inc.*, No. EP-19-CV-00378-FM, 2020 WL 7046650, at *2 (W.D. Tex. Mar. 17, 2020) (examining the text of Federal Rule 7 to determine whether authority existed for a particular filing); *Coleman v. Roth*, No. 5-17-CV-00819-FB-RBF, 2021 WL 724610, at *1 (W.D. Tex. Feb. 23, 2021) ("[A] request for relief embedded in a response brief is disfavored . . . . ").
4. *See Curtis v. Cerner Corp.*, 621 B.R. 141, 156 (S.D. Tex. 2020).